UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HALLMARK CONSULTING CORPORATION,

                Plaintiff,

   -against-

                                                              : 08 CIV

CHARLES FERGUSON, MICHAEL D. GARBER,         COMPLAINT
CB ADVISORS, LLC, WGT INC. and MAM, Inc.,

                Defendants.
------------------------------------------------------------------x

08 CV 10398

      Plaintiff, Hallmark Consulting Corporation, by its attorney, Harry H. Wise, III, for its complaint against defendants, alleges and shows:

The Parties

    1.    Plaintiff is a corporation organized under the laws of the State of Nevada with its principal place of business in the city of Milford, Michigan.

    2.    Upon information and belief, defendant Charles Ferguson is an individual citizen of the State of Arizona.

    3.    Upon information and belief, defendant CB Advisors, LLC is a limited liability company organized under the laws of the State of Arizona with its principal place of business in Arizona.

    3.    Upon information and belief, defendant Michael D. Garber is an individual citizen of the state of New Jersey whose place of business is in the City of New York.

1

4. Upon information and belief, defendants WGT, Inc. and MAM, Inc., are fictitious entities with no legal citizenship.

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction over this case by virtue of the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332(a)(2), in that the matter in controversy exceeds $75,000.00 and is between citizens of different states, and by virtue of federal-question jurisdiction, pursuant to 28 U.S.C. § 1331, and Section 22(a) of the Securities Act, 15 U.S.C. § 77u(a), and Sections 21(e) and 27 of the Securities Exchange Act, 15 U.S.C. §§ 78u(e) and 78aa, in that plaintiff alleges violations of the securities laws of the United States and asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1861 *et. seq.*

6. In connection with the transactions, acts, practices and course of business described in this Complaint, the defendants, directly and indirectly, have made use of the means or instrumentalities of interstate commerce, of the mails, or of the means and instruments of transportation or communication in interstate commerce.

7. Venue is proper in this district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(a) and (b), in that a substantial part of the events giving rise to the claim took place in this District, and a substantial part of the property that is the subject of this action is situated here.

## Facts

8. Plaintiff's principal and other investors ("the investors") were convinced by defendant Charles Ferguson to invest money in what Ferguson said was an extremely profitable "trade program" involving either the purchase of ten-million-dollar

"instruments" or an investment in a $100 million "private placement." He said that the invested funds would be held safely in escrow but used to help obtain these large "instruments," and he said the profits from the instruments could be as much as $3 million a week, which the investors would share. He also represented that other investors had made money through such plans.

9. The representations of Mr. Ferguson were false, in that there was no such trading program, and no such "instruments" or "private placements," and were made by him either with knowledge of their falsity or with reckless disregard for their truth, and were made with the intention that the investors rely upon them. The investors were unaware of the falsity of the representations and reasonably relied upon them in investing their funds with defendants.

10. Relying on the representations of defendant Ferguson, the investors wire transferred a total of $1,110,000.00 to attorney's IOLA accounts of defendant Michael D. Garber.

11. In these transactions, defendant Ferguson purported to act on behalf of defendants CB Advisors, LLC, WGT Inc., and MAM, Inc. Upon information and belief, all these are fictitious entities invented by defendant Ferguson to lend a false aura of authenticity to his fraudulent activities.

12. Under the escrow agreements entered into between the investors and Mr. Garber, he was to return the money to them if for any reason the transaction involving the $10 million instrument or the $100,000,000.00 instrument could not be done.

13.     No transactions have been done, and the investors have demanded from Mr. Garber the return of their funds.  Mr. Garber has failed and refused to return the money.

14.     The investors have appointed Plaintiff as their attorney-in-fact to seek return of their funds from defendants, or to bring any action to seek the funds or damages.

## AS A FIRST CLAIM FOR RELIEF

15.     Paragraphs 1-14 are hereby realleged.

16.     Defendants, directly and indirectly, with scienter, by use of a means or instrumentality or interstate commerce or by use of the mails, have employed a device, scheme, or artifice to defraud; have made an untrue statement of material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or have engaged in an act, practice, or course of business which has been and is operating as a fraud or deceit upon the plaintiff as a purchaser or seller or securities.

17.     By reason of the foregoing, defendants have violated Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

18.     By virtue of the defendants' violation of the above provisions, plaintiff has been damaged in the amount of $1,110,000.00.

## AS A SECOND CLAIM FOR RELIEF

19.     Paragraphs 1-14 are hereby realleged.

20. Defendants have, directly and indirectly, with scienter, in connection with the offer and sale of securities to plaintiff, employed a device, scheme, or artifice to defraud, and have obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaged in transactions, practices, or courses of business that have been or are operating as a fraud and deceit upon plaintiff.

21. By reason of the foregoing, defendants have violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

22. By reason of the foregoing, plaintiff has been damaged in the amount of $1,110,000.00.

## AS A THIRD CLAIM FOR RELIEF

23. Paragraphs 1-14 hereof are hereby realleged.

24. As a result of the fraud of defendants, plaintiff has been damaged in the amount of 1,110,000.00.

25. Upon information and belief, defendants have made similar fraudulent representations to others, as part of a fraudulent scheme aimed at the public in general.

26. Plaintiff should therefore have judgment against defendants for punitive damages, in addition to its actual damages.

## AS A FOURTH CLAIM FOR RELIEF

27. Paragraphs 1-14 hereof are hereby realleged.

28.     Plaintiff and defendants entered into a contract under which defendants agreed to invest plaintiff's funds pursuant to a trading program that would prevent risk to plaintiff's principal and provide a profit of 30 percent per week.

29.     Defendants breached the contract by failing to invest plaintiff's funds as agreed.

30.     Defendants' breach of contract has caused plaintiff to be damaged in an amount to be determined at trial.

## AS A FIFTH CLAIM FOR RELIEF

31.     Paragraphs 1-14 hereof are hereby realleged.

32.     Defendants have converted plaintiff's funds, in the amount of $1,110,000.00, to their own use.

## AS A SIXTH CLAIM FOR RELIEF

33.     Paragraphs 1-14 are hereby realleged.

34.     The fraudulent representations of defendants were made by telephone and other means and constituted violations of the federal wire-fraud statute, 18 U.S.C. § 1343.

35.     Upon information and belief, during the same time period, defendants were making similar fraudulent representations to others.

36.     Therefore, defendants, through the commissions of two or more acts constituting a pattern of racketeering activity, participated in an enterprise the activities of which affect interstate commerce.

37.     As a result of defendants' racketeering activities, plaintiff suffered damages in the amount of $1,110,000.00.

38. Defendants are therefore liable to plaintiff in the amount of $1,110,000.00, trebled, for a total of $3,330,000.00, together with reasonable attorneys' fees, pursuant to 18 U.S.C. § 1962(c).

WHEREFORE, plaintiff respectfully demands judgment against defendants, jointly and severally:

on the First Claim for Relief, for damages in the amount of $1,110,000.00;

on the Second Claim for Relief, for damages in the amount of $1,110,000.00;

on the Third Claim for Relief, for actual damages in the amount of $1,110,000.00, and punitive damages in the amount of $5 million;

on the Fourth Claim for Relief, for damages in an amount to be determined at trial;

on the Fifth Claim for Relief, for damages in the amount of $1,110,000.00; and

on the Sixth Claim for Relief, for trebled damages in the amount of $3,330,000.00 and reasonable attorneys's fees;

### Jury Demand

Plaintiff demands trial by jury.

Dated: New York, N.Y.
December 2, 2008

HARRY H. WISE, III (HW6841)
*Attorney for Plaintiff*
250 West 57th Street, Suite 1316
New York, N.Y. 10107
(212) 810-2430, ex. 302
(212) 810-2427 (fax)
hwiselaw@aol.com